UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARINE INSURANCE COMPANY, LIMITED,

    Plaintiff,

vs.

JOEL CRON AND JENNIFER CRON,

    Defendants.
_____/

CASE NO. 13-60029-CIV-DIMITROULEAS

## **O R D E R**

THIS CAUSE is before the Court on Defendants' (Crons) July 1, 2013 Motion to Dismiss for Improper Venue or Alternatively, to Transfer Venue and Memorandum [DE-14+15]. The Court has considered Plaintiff's (Marine Insurance) July 18, 2013 Response [DE-18] and no timely Reply having been filed, finds as follows:

    1. On January 11, 2013, Marine Insurance filed a complaint in admiralty seeking a declaratory judgment regarding a 2011 insurance policy on the M/V Relentless, a `1985 Hatteras Convertible Yacht. Marine Insurance contends that misrepresentations and omissions by Joel Cron on the insurance application render it null and void.

    2. On July 4, 2012, the Relentless ran aground on Red Fish Island in Galveston Bay, Texas and sustained hull and machinery damage. On August 14, 2012, the Relentless was damaged by fire while at the Hillman Shipyard on Dickenson, Texas.

    3. An Amended Complaint was filed on April 18, 2013. [DE-8].

1

4. On July 1, 2013, the Crons filed a Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue [DE-14].[1] The Court has considered the Cron's July 1, 2013 Memorandum [DE-15], the Affidavit of Scott Arnold [DE-15-1] and Marine Insurance's July 18, 2013 Response [DE-18] with Affidavit of Adam Ferguson [DE-18-1].

5. Here, the Southern District of Florida is a venue in which the action could have been originally brought.

"A motion to transfer venue is governed by 28 U.S.C. § 1404(a)." Trafalgar Cap. Spec. Inv. Fund v. Hartman, 878 F. Supp. 2d 1274, 1281 (S.D. Fla. 2012). Under section 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" to further "the convenience of parties and witnesses" and to serve "the interest of justice." Transfer of venue "den[ies] audience to a case on the merits" based on "a determination that the merits should be adjudicated elsewhere." See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 432, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007). The district court has broad discretion to decide venue motions based on an individualized, case-specific assessment of convenience and fairness. See Wi-Lan USA v. Alcatel-Lucent, USA, 2013 WL 358385 at *2 (S.D. Fla. Jan. 29, 2013); Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988).

Transfer of venue is proper only where the movant shows there is an adequate alternative forum in which suit could have been brought and various private and public considerations weigh in favor of transfer to that alternative forum. See Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1300-01 (S.D. Fla. 2002). If an alternative forum exists, the district court should consider and weigh the following factors in deciding whether to transfer: 1) the

---

[1] Defendants also filed an Answer and Affirmative Defenses, as well as a Counterclaim asserting several causes of action under Texas law, on August 29, 2013 [DE 21],

2

plaintiff's initial choice of forum; 2) the locus of operative facts; 3) the general convenience to the parties of litigating in one forum or another; 4) the convenience to the witnesses; 5) the relative ease of access to documents and discovery; 6 the financial impacts on the parties of litigating in one forum versus another; 7) the familiarity with governing law by the judges in the respective forums; 8) each forum's interest in adjudicating the dispute; and 9) the relative congestion of cases in the competing forums.  See Manual v. Convergys Corp., 430 F. 3d 1132, 1135 n. 1 (11th Cir. 2005); Hartman, 878 F. Supp. 2d at 1281.

  The threshold question is whether this case could have been brought in Texas.  See e.g., Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp., 508 F. Supp. 2d 1186, 1188-89 (S.D. Fla. 2007) (holding that the initial inquiry before the Court is whether the action could have initially been brought in the transferee court).  The answer is yes.  The first factor is the plaintiff's choice of forum, which is entitled to substantial deference and should not be disturbed unless clearly outweighed by countervailing factors.  Roberson v. Gearmarco & Bill, P.C., 74 F. 3d 253, 260 (11th Cir. 1996).  Here Plaintiff has not chosen a forum that is its home forum, so minimal deference is required.  The locus of the operative facts was mainly in Texas.  The only connection to the Southern District of Florida is the fact that Hull and Company acted as surplus lines agent, brokering coverage between the Texas agent and Plaintiff's United Kingdom agent.  The convenience of the parties leans toward Texas, as practically everyone involved in the case resides outside of Florida.  It would seem that most documents are in Texas.  The financial impact would seem to impact the Crons more if they had to litigate in Florida.  It would seem that the familiarity of the law would tilt toward Texas as either Texas or New York law would seem to apply.  Both states seem to have an interest in adjudicating the dispute.  Finally, the Southern District of Texas seems to be more congested than this Court.

Upon considering the relevant factors, the Court finds that the balancing factors in favor of transfer of this action to Texas outweigh the Plaintiff's choice of a Florida forum.

## CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss for Improper Venue or Alternatively, to Transfer Venue and Memorandum [DE-14+15] is hereby **GRANTED**.

2. The Clerk is directed to **TRANSFER** the above-styled case to the District Court for the Southern District of Texas.

3. All other pending motions are **DENIED AS MOOT**.

4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of October, 2013.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record