IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARINE INSURANCE COMPANY LIMITED, | § § § § | |
| Plaintiff, | § § § | C. A. No. 3:13-cv-00437 |
| v. | § § | Judge Gregg Costa |
| JOEL CRON, ET AL. | § § § | |
| Defendants. | § | |

**DECLARATION OF** _____

My name is <u>WESLEY ABSOLOM</u>. I am competent to make this declaration. I declare under penalty of perjury under the laws of the United States that the facts stated in this declaration are within my personal knowledge and/or professional opinion, and are true and correct.

1. "I am employed with Marine Insurance Company Limited ("MICL") as a <u>YACHT UNDERWRITER</u>. Part of my job responsibility is to evaluate applications for marine insurance from prospective insureds, including Joel Cron. When deciding whether to issue a marine insurance policy, what premiums to charge and what policy limits to designate, MICL, in conjunction with its underwriters rely on the information set forth in the insured's application for insurance.

2. "In this instance, Joel Cron filled out, signed and submitted an Osprey Yacht Application, a true and correct copy of which is attached, in which he represented the purchase price of a Hatteras Convertible SF yacht ("yacht") to be $300,000.00. Mr. Cron represented in the application that he had purchased the yacht on June 23, 2011. Mr. Cron signed the application of July 20, 2011. The application stated in bold letters, immediately above his signature, that it "will be incorporated in its entirety into any relevant policy of insurance where insurers have relied upon the information" and that "[a]ny misrepresentation…will render insurance coverage null and void from inception."


EXHIBIT 4

3. "Based on Mr. Cron's representations in his application, MICL issued a marine insurance policy for the yacht with a policy period of July 21, 2011 to July 21, 2012 and at a "SUM INSURED/AGREED VALUATION" at $305,000.00, including personal effects. A true and correct copy of the insurance policy is attached to my Declaration.

4. "At no time between the submission of the application and the issuance of the policy did Joel Cron or Jennifer Cron advise MICL that the information in the application was incorrect.

5. "Subsequent to issuing the policy and after Mr. Cron first reported a loss on or about July 4, 2012, MICL learned that Mr. Cron had grossly misrepresented the purchase price of the yacht. For example, the attached Bill of Sale shows that Jennifer Cron, Mr. Cron's daughter, paid $65,000.00 for the yacht in a salvage sale on August 25, 2010. On July 25, 2011, after Mr. Cron completed the application and after the insurance policy was issued, Jennifer Cron signed a Bill of Sale, a copy of which is attached, transferring ownership of the yacht to Mr. Cron for the stated consideration of "ONE DOLLAR AND OTHER VALUABLE CONSIDERATION…"

6. "MICL would not have issued the subject insurance policy at its concomitant limits and premiums had Mr. Cron truthfully represented that he did not own the yacht and that he had not paid $300,000.00 for the yacht."

7. The insurance policy contains a choice-of-law clause under which MICL and Joel Cron agreed that "[t]his insurance shall be governed by and construed in accordance with the laws of the State of New York[.]"

8. MICL's U.S. trust fund account is based in New York, and its resident agent for service of process is also in New York.

Pursuant to 28 U.S.C. §1746, I solemnly declare under penalty of perjury that the foregoing is true and correct and based on my professional opinion.

July 15th, 2014

_____Will Absolam_____
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

20